UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BUNNIE MAFILYN FERG,[1] ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO HOME ) <br> MORTGAGE, *et al.*, ) <br> ) <br>    Respondents. ) | MC419-008 |

## REPORT AND RECOMMENDATION

*Pro se* litigant Bunnie Marilyn Ferg filed this procedurally ambiguous case, apparently seeking to enforce a purported arbitration award related to a loan. *See, e.g.,* doc. 3 at 1-2; *see also* doc. 1 (purported arbitration award). As the respondents note, "[i]t is not entirely clear why Petitioner filed the Purported Award with this Court, but it appears that Petitioner could be attempting to confirm the Purported Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*" Doc. 3 at 1. Ferg

---

[1] The original "arbitration award" lists Ferg's name as "Bunnie Mafilyn Ferg." *See* doc. 1 at 1. Subsequent documents list her name as "Bunnie Marilyn Ferg." *See, e.g.,* doc. 5 at 1. As discussed below, it is wholly consistent with the frivolity of the purported "arbitration award" at issue that it apparently fails to spell Ferg's name correctly.

never responded to Respondent's Motion to dismiss this proceeding. *See generally* docket. She did, however, file multiple documents of, charitably, dubious procedural propriety. *See* docs. 5, 6, 7, 9, 12, 13, 15, 18, 19 & 22. None of those documents address the fundamental problem that the original "arbitration award," is fantastical.

The "award" at issue purports to have been entered by "Sitcomm Arbitration Association." *See* doc. 1 at 1. The Court of Federal Claims, when confronted by an "award," albeit not identical to Ferg's submission, concluded that it "is not a valid legal document. It is gibberish." *Nation v. United States*, 2021 WL 6013559, at *3 (Fed. Cl. Oct. 22, 2021). Purported awards from the Sitcomm Arbitration Association are part "of what has been described as an influx of fake arbitration awards over the last few years." *Sowell v. Trump*, 2023 WL 2616091, at *2 (M.D. Ga. Mar. 23, 2023) (internal citation and quotations omitted). "Courts have been uniformly skeptical about the validity of the Sitcomm Arbitration Association and its decisions, and Sitcomm has been linked to the sovereign citizen movement. [Cit.] Courts have thus determined that

similar efforts . . . are wholly frivolous." *Id.* (citations omitted).[2] The Middle District's summary treatment of such "awards" is no aberration. *See, e.g., Brewer v. Wells Fargo Bank, N.A.*, 2020 WL 13586159, at *3-*4 (N.D. Ga. May 5, 2020) (finding "the purported arbitration agreement and award do not have any meritorious basis in fact or law, and Sitcomm does not appear the be a valid entity of arbitration."). This Court should, therefore, conclude that Ferg's "filing in this case is frivolous and presents no legal claim upon which relief may be granted." *Sowell*, 2023 WL 2616091, at *2; *see also, e.g., Brett-Andrew: House of Nelson v. Beckenhauer*, 2021 WL 6683422, at *3 (D.S.C. June 7, 2021) ("In short, courts around the country have repeatedly dismissed attempts . . . to

---

[2] Although the Middle District's analysis concerned a Sitcomm scheme that is even less plausible that the one at issue, *see Sowell,* 2023 WL 2616091 at *1 (seeking to enforce an arbitration award entitling the plaintiff to release from prison), courts have been no more accepting of the "award" at issue here. *See, e.g., Kalmowitz v. Fed. Home Mortg. Corp.*, 2019 WL 6249298, at *2 (E.D. Tex. Oct. 22, 2019) ("The purported arbitration agreement and award do not appear to have any meritorious basis in fact or law, and Sitcomm does not appear to be a valid entity of arbitration.") The United States District Court for the Northern District of Oklahoma described the purported arbitrator's reliance on " 'tacit acquiescence' to an unspecified 'counter offer' or 'conditional acceptance,'" giving the litigant "the right to enforce a 'self-executing binding contract coupled with interests,' which 'stands as irrevocable[,]'" as "a bizarre jumble of inconsistent, nonsensical word salad." *U.S. Bank National Association v. Nichols*, 2019 WL 4276995, at *2-*3 (N.D. Okla. Sept. 10, 2019); *see also* doc. 1 at 5, 14.

enforce sham arbitration awards issued by Sitcomm arbitrators." (collecting cases)).³

The Eleventh Circuit has also pointed out that the Federal Arbitration Act "does not create subject-matter jurisdiction on its own." *Nelson v. Jackson*, 855 F. App'x 653, 654 (11th Cir. 2021). Since Ferg did not file a pleading in this case, *see, e.g.,* Fed. R. Civ. P. 7(a), there is no indication of any purported basis for this Court's subject matter jurisdiction. While the Court might, in some circumstances, permit a *pro se* litigant to amend a pleading that fails to establish a basis for subject matter jurisdiction, given the apparent frivolity of the initiating document, any such amendment would be futile. *See, e.g., Jenkins v.*

---

³ Some courts have found that the submission of purported Sitcomm awards merited sanctions against *pro se* litigants. *See Matios v. City of Loveland*, 2023 WL 4145905 (10th Cir. June 23, 2023); *Johnson v. PennyMac Loan Servs., LLC*, 2020 WL 5371347, at *4-*7 (E.D. Va. Sept. 8, 2020). The United States District Court for the Northern District of Texas has summarized proceedings by financial institutions against Sitcomm "alleging that Sitcomm and its associates have engaged in a far-reaching, fraudulent arbitration scheme." *Magee v. Nationstar Morg., LLC.*, 2020 WL 1188445, at *1 (N.D. Tex. Mar. 11, 2020). As that Court summarized, "[u]sing the court system to file fraudulent claims burdens defendants, wastes judicial resources, and weakens the public's perception of the judicial branch." *Id.* at *3. Based on those concerns, the court found it necessary to alert the United States Attorney's Offices in relevant jurisdictions to Sitcomm's activities. *Id.*

On August 2, 2021, the United States District Court for the Southern District of Mississippi entered default judgment against Sitcomm and several individuals, including the arbitrator who purports to have issued this award. *See PennyMac Loan Servs., LLC v. Innovated Holdings, Inc., d/b/a Sitcomm Arbitration Association*, 2:19-cv-193-HSO-MTP, doc. 274 (S.D. Miss. Aug. 2, 2021).

*Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).  Ferg's failure to identify any basis for this Court's subject matter jurisdiction, therefore, is also fatal to any attempt to litigate the "award" at issue.  *See* Fed. R. Civ. P. 12(h)(3).

Accordingly, this proceeding should be **DISMISSED** as frivolous or for Ferg's failure to establish any basis for this Court's subject matter jurisdiction.  All pending motions should, therefore, be **DISMISSED** as moot.  Docs. 3, 6, 9, 13 & 15.  This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>18th</u> day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA